Wayne F. **FORAKER,** Plaintiff–Appellant,

v.

**APOLLO GROUP INC.,** doing business as University of Phoenix, Defendant–Appellee.

No. 07–15132.

United States Court of Appeals, Ninth Circuit.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Oct. 23, 2008.*

Filed Dec. 2, 2008.

* In a prior order, the panel granted the parties' joint motion for submission on the briefs.  *See*  Fed. R.App. P. 34(f).

———

Rosemary Cook, Esq., Phoenix, AZ, for Plaintiff–Appellant.

Lisa M. Coulter, Snell & Wilmer, LLP, Phoenix, AZ, for Defendant–Appellee.

Before SCHROEDER, D.W. NELSON and REINHARDT, Circuit Judges.

### MEMORANDUM **

Appellant Wayne Foraker alleges that the Appellee Apollo Group Inc. interfered with his right to take medical leave in 2004 and 2005, in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2615(a)(1). Appellant alleges that the Appellee interfered with his exercise of FMLA rights by (1) failing to award him discretionary bonuses, (2) issuing three undeserved performance evaluations, (3) taking away his company-provided cellular phone and *Wall Street Journal* subscription, (4) refusing to interview him for a job, (5) removing his name from the Institutional Review Board meeting notification list, (6) taking away a promotion and pay raise, and (7) placing him on paid adminis-trative leave. The district court granted the University's motion for summary judgment as to the first five claims. Appellant appeals that decision. We affirm.

■ The district court properly dismissed Appellant's claim regarding lost bonuses. The undisputed evidence established that Appellant stopped receiving bonuses in mid–2003 rather than mid–2004. Accordingly, he cannot claim that any loss of bonuses resulted from his 2004 FMLA leave. In his reply brief on appeal, Appellant alleges that the Appellee took away his bonuses in retaliation for his taking protected FMLA leave in 2003. This argument has been waived because it was not raised in Appellant's opening brief on appeal, *Miller v. Fairchild Indus., Inc.,* 797 F.2d 727, 738 (9th Cir.1986); and because it was not "raised sufficiently for the trial court to rule on it" during the proceedings in the district court, *Whittaker Corp. v. Execuair Corp.,* 953 F.2d 510, 515 (9th Cir.1992).[1] Because Appellant has not preserved any claim relating to the 2003 FMLA leave and the undisputed evidence establishes that his bonus situation was unchanged following his 2004 leave, the district court's grant of summary judgment on the bonuses claim was proper.

■ The district court properly granted summary judgment as to the allegedly undeserved performance evaluations. Appellant's 2005 performance evaluations were too far-removed in time from his 2004 leave for the court to infer a causal relationship on the basis of temporal proximity, *see, e.g., Manatt v. Bank of Am.,* 339

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. In one example of the insufficiencies below, when the Appellee discussed the 2003 FMLA leave in its Statement of Facts in Support of its Motion for Summary Judgment, the Appel-lant responded to the relevant paragraphs by stating that they "provide[d] only background information" and were "not relevant." Appellant insisted instead that his "claim [was] ... that subsequent to the time he returned from protected medical leave on May 25, 2004, Defendant retaliated against him."

F.3d 792, 802 (9th Cir.2003), and Appellant has introduced no other evidence suggesting a causal relationship between these performance evaluations and his 2004 leave. Appellant has produced sufficient evidence of a causal relationship between his October 2004 performance evaluation and his 2004 leave, but he has not introduced any evidence suggesting that an overall rating of "Meets Expectations" or a reduction in the overall rating from "Consistently Exceeds Expectations" to "Meets Expectations" would tend to chill an employee's exercise of FMLA rights. *See Bachelder v. America West Airlines, Inc.,* 259 F.3d 1112, 1123–24 (9th Cir.2001). Accordingly, summary judgment as to Appellant's performance evaluation claim was proper.

■ Appellant's claims regarding the Institutional Review Board meeting notification list, the *Wall Street Journal* subscription, and the company-provided cellular phone fail for the same reason. Although Appellant's affidavit stated in cursory fashion that attendance at the Institutional Review Board meetings was an honor that was important to his career advancement, Appellant did not offer any specific details as to the role of meeting attendance in his career advancement at Apollo Group or, more importantly, any specific testimony as to the chilling effect of his removal from the meeting notification list.[2] Likewise, Appellant introduced no evidence regarding the importance of his company-provided cellular phone and *Wall Street Journal* subscription or the cost of replacing either of these items. Where, as

here, the significance of the acts in question "depend[s] upon the particular circumstances" of the workplace in question, *Burlington N. and Santa Fe Ry. v. White,* 548 U.S. 53, 69, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006), a plaintiff must introduce specific evidence regarding the chilling effect of those acts in order to survive summary judgment.[3] Because Appellant here failed to do so, summary judgment as to the Institutional Review Board, *Wall Street Journal,* and cellular phone claims was proper.

■ Finally, the district court properly granted summary judgment as to Appellant's failure to interview claim. The undisputed evidence established that the position at issue would pay at least $25,000 per year *less* than Appellant's position at the time. No reasonable employee would be chilled from exercising FMLA rights by an employer's subsequent decision not to interview the employee for a job paying more than twenty-five percent less than his current position.

Accordingly, the judgment of the district court is **AFFIRMED.**

---

2. Notably, Appellant does not claim that he was prohibited from attending the meetings; he merely claims that his name was removed from the meeting notification list at the start of his 2004 leave and was not returned to the list upon his return from leave.

3. Appellant's brief discusses the value of cellular phones and newspaper subscriptions, but these discussions are insufficient to meet Appellant's burden of providing admissible evidence regarding the importance of the items to an employee in Appellant's position.